GREENBERG TRAURIG, LLP
Koray J. Bulut (SBN 230298)
bulutk@gtlaw.com
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111-
Telephone:   (415) 655-1300
Facsimile:    (415) 707-2010
Attorneys for Defendant
Wal-Mart Associates, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| BONNIE CARDOZA, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a corporation; and DOES 1-50, inclusive,<br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT WAL-MART ASSOCIATES, INC., PURSUANT TO 28 U.S.C. § 1332(d)(2) (CAFA)**<br><br>Complaint filed:  January 29, 2015 |

Defendant Wal-Mart Associates, Inc. ("Defendant") hereby removes to this Court the above-captioned lawsuit, originally filed in the Superior Court of the State of California for the County of Alameda as Case Number RG15756555. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453. Removal is proper on the following grounds:

## BACKGROUND

1. On January 29, 2015, Plaintiff Bonnie Cardoza ("Plaintiff") filed a complaint entitled *Cardoza v. Wal-Mart Associates, Inc.* in the Superior Court of the State of California for the County of Alameda, Case No. RG15756555 (hereinafter the "State Court Action"), attached hereto as Exhibit A. On March 26, 2015, Plaintiff filed a First Amended Complaint in the State Court Action, attached hereto as Exhibit B ("FAC")[1].

2. The State Court Action is a putative class action. Plaintiff Bonnie Cardoza worked as an Assistant Manager at Walmart store #2524 in San Jose, California. Plaintiff alleges on behalf of herself and on behalf of a putative class of current and former California "Assistant Store Managers" in California, that Defendant misclassified California "Assistant Store Managers" as salaried (exempt) employees, rather than as hourly employees entitled to overtime pay and other benefits. (*Id.*, ¶¶ 5-10.) Plaintiff further alleges that Defendant violated California law by, among other things, allegedly failing to pay Plaintiff and the putative class members overtime wages and failing to provide accurate wage statements. (*Id.*) Plaintiff seeks damages and penalties under various California statutes and regulations, including California Labor Code §§ 201, 202, 203, 226, 510, 1194, and 1198. (*Id.*, ¶¶ 63-92.) Plaintiff also seeks injunctive relief and restitution under California Business & Professions Code §§ 17200, et seq. (*Id.*, ¶¶ 48-62.) Finally, Plaintiff also seeks to bring a representative claim for recovery of penalties pursuant to the Private Attorneys General Act ("PAGA"), California Labor Code §§ 2699 *et seq.* (*Id.*, ¶¶ 93-97.)

---

[1] In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Superior Court of the State of California for the County of Alameda, and all pleadings, process, and orders served on, or obtained by, Defendant are attached hereto as Exhibits A & B.

3. Defendant is the only named defendant in the State Court Action. The defendants designated as DOES 1 through 50 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.,* 811 F.2d 1336, 1339 (9th Cir. 1987).

4. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332.

5. Venue properly lies in the United States District Court for the Northern District of California San Francisco/Oakland Division, pursuant to 28 U.S.C. §§ 1441(a) and Civil L.R. 3-2, because the State Court Action was filed in Alameda County.

## INTRADISTRICT ASSIGNMENT

6. Plaintiff filed this case in the Superior Court of the State of California for the County of Alameda. Therefore, this case may properly be removed to the San Francisco/Oakland Division of the Northern District of California. *See* 28 U.S.C. § 1441(a); Civil L.R. 3-2.

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed as it is filed within thirty days of March 10, 2015, the date Defendant accepted service of the initial complaint initiating the State Court Action. 28 U.S.C. § 1446(b); *Roth v. CHA Hollywood Center, L.P.,* 720 F.3d 1121, 1123 (9th Cir. 2013).

## THIS CASE IS REMOVABLE UNDER CAFA

8. This Court has original jurisdiction over this action pursuant to the CAFA, which vests the United States district courts with original jurisdiction of any civil action wherein: (a) the proposed class contains at least 100 members; (b) the defendant is not a state, state official or other governmental entity; (c) there is diversity between at least one putative class member and one defendant; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, § 1446.

9. As a preliminary matter, Defendant denies that it has any liability to Plaintiff or to the classes she seeks to represent, denies that Plaintiff is an adequate class representative for the classes that she seeks to represent, and denies that Plaintiff or the putative class members are

entitled to recover the damages, penalties, and other relief requested in the FAC. Defendant also submits that the instant Action does not satisfy the requirements for class certification. For purposes of removal, however, this case meets all of CAFA's requirements for removal as pled and is timely and properly removed by the filing of this Notice. CAFA permits a district court to decline jurisdiction of a properly-removed case only if it satisfies the requirements of 28 U.S.C. § 1332(d)(3)-(5), none of which apply here.

### A. Plaintiff Proposes A Class Of More Than 100 Members.

10. Pursuant to the FAC, Plaintiff seeks to certify two proposed classes. For the claim under California Business & Professions Code §§ 17200, *et seq.*, Plaintiff seeks to certify a class of "[a]ll persons who are or previously were employed by DEFENDANT as Assistant Store Managers in California and were classified as exempt from overtime wages (the 'CALIFORNIA CLASS') during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date of the filing of this Complaint (the 'CALIFORNIA CLASS PERIOD')." (*Id.*, ¶ 24.)

11. For the remaining claims brought under the Labor Code, Plaintiff seeks to certify a sub-class of "[a]ll members of the CALIFORNIA CLASS who were employed by DEFENDANT in CALIFORNIA (the 'CALIFORNIA LABOR SUB-CLASS') at any time during the period beginning on the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (the 'CALIFORNIA LABOR SUB-CLASS PERIOD).'" (*Id.*, ¶ 36.)

12. Although Defendant will contest the propriety of class certification, for purposes of removal, Defendant states that over 3,000 individuals worked as an "Assistant Store Manager" at a Walmart retail store or supercenter in the State of California between January 29, 2011 and January 29, 2015.[2] Plaintiff thus seeks to proceed on behalf of a proposed class of more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

---

[2] Because the named Plaintiff worked as an Assistant Store Manager at a Walmart supercenter and not at a Sam's Club, the scope of the putative class should be limited to persons who held the position of Assistant Store Manager at a Walmart retail store or supercenter in the State of California during the putative class period. Defendant has, therefore, used this scope for purposes

**B.  Defendant Is Not A State, State Official Or Other Government Entity.**

13. Defendant is not a state, state official, or other governmental entity.

**C.  Minimum Diversity Exists**.

14. CAFA's minimum diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). This requirement is readily satisfied here.

15. As explained above, both putative classes alleged in this case concern persons who worked as Assistant Store Managers in California. (Ex. B [FAC, ¶¶ 24, 36].) Accordingly, on information and belief, at least one member of the putative class is a citizen of the State of California.

16. Conversely, Defendant is not a citizen of California. To determine a company's principal place of business, the Court should apply the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). The question is where "a corporation's officers direct, control and coordinate the corporation's activities." *Id*. Here, Defendant is a corporation incorporated under the laws of the State of Delaware with its corporate headquarters in the State of Arkansas. Thus, Defendant is a citizen of the State of Delaware, where it is incorporated, and the State or Arkansas, where it has its principal place of business.

**D.  The Amount-In-Controversy Requirement is Satisfied.**

17. "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). To remove a case from a state court to a federal court, the defendant "may simply allege or assert that the jurisdiction threshold has been met" under a standard of pleading only "a short and plain statement of the grounds for removal'" setting forth "a plausible allegation that the amount in controversy exceed the jurisdictional

---

of this removal analysis. This calculation, however, is conservative and if Assistant Club Managers at Sam's Clubs in California were included, the putative class would be larger.

threshold." *Dart Cherokee Basin Operating Co. v. Owens*, — U.S. —, 135 S. Ct. 547, 551, 553-54 (2014). The "defendant's amount-in-controversy allegation should be accepted" just as the plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. If the plaintiff challenges defendant's allegations, the defendant need only meet a preponderance of the evidence standard. *Id*. at 554. *See also Rodriquez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of evidence standard.").

18. Plaintiff's theory is that Defendant allegedly misclassified her and other Assistant Store Managers and therefore deprived them of meal breaks, rest periods, and overtime compensation to which they were allegedly due when they worked in excess of eight hours in a workday or forty hours in a workweek, as Plaintiff alleges that they did, (*id*. ¶ 8). (*Id*. ¶ 75-79, Prayer ¶ 2(B).) In her First Cause of Action for allegedly unlawful business practices, Plaintiff thus seeks, among other things, a ruling "requiring Defendants to correctly calculate and pay all wages and all sums unlawfully withheld from compensation." (Ex. B [FAC Prayer for Relief ¶ 1(B)].) In her Second Cause of Action for failure to pay overtime compensation, Plaintiff seeks recovery of overtime compensation as well as the assessment of statutory penalties, interest, and costs. (*Id*. ¶¶ 76, 79.) Plaintiff further alleges in her Third Cause of Action that Defendant knowingly and intentionally failed to comply with itemized employee wage statement requirements and seeks pursuant to California Labor Code § 226(d) "the greater of actual damages" or liquidated damages up to a maximum of four thousand dollars per member of the California Labor Sub-Class. (*Id*. ¶ 84.) For her Fourth Cause Action, she also seeks for herself and other members of the California Labor Sub-Class whose employment has terminated "thirty days of pay as penalty for not paying all wages due at time of the termination … plus interest and statutory costs as allowed by law." (*Id*. ¶ 92.) Plaintiff demands further payment of civil penalties pursuant to the PAGA pursuant to her Fifth (and final) Cause of Action. (*Id*. ¶ 97.)

19. The potential monetary recovery, including liquidated damages, statutory and civil penalties, requested in the FAC by Plaintiff and on behalf of each member of the respective putative classes exceed $5,000,000.

20. For example, with respect to Plaintiff's Second Cause of Action, although Plaintiff does not allege in the FAC how many overtime hours were allegedly worked by putative class members, Plaintiff does allege that she and other Assistant Store Managers "worked from time to time in excess of eight (8) hours in a workday and/or more than forty (40) hours in a workweek." (*Id. at* ¶ 8.) As noted above, by a conservative estimate, at least 3,000 persons worked as an Assistant Store Manager at a Walmart retail store or supercenter in California during the putative class period. Of these, at least 1,400 individuals worked as an Assistant Store Manager at a Walmart store or supercenter in California on January 29, 2012, the first day of Plaintiff's California Labor Sub-Class class period.[3] Using Ms. Cardoza's lowest bi-weekly salary of $1,673.08 as "typical" of the putative class, this equates to an hourly rate of $20.90. (*See* FAC at ¶¶ 32(c), 43 (c) (describing the named Plaintiff's claims as "typical" of the putative class members).) Taking Plaintiff's allegations as true for purposes of removal only, overtime claims for any given individual putative class member in the Action equates to approximately $4,514.40. The calculation is as follows: (i) one and a half times the hourly rate of $20.90, which is $31.35; multiplied by (ii) one alleged hour of overtime per week, which is $31.35 overtime wages per week multiplied by (iii) the number of weeks in the class period (less four weeks for vacation and sick time), which is 144 week, comprising an overtime claims of $4,514.40 for each Assistant Store Manager, multiplied by (iv) the number of Assistant Store Managers working on the first day of the putative California Labor Sub-Class period, which is at least 1,400.

---

[3] Plaintiff alleges a 4-year class period for the putative California Class, and a 3-year class period for the putative California Labor Sub-Class. (Ex. B [FAC, ¶¶ 24, 36].) A 3-year class period consists of 156 weeks, less 4 weeks per year (for vacation and sick time), which equals 144 weeks. The number of people Assistant Store Managers working on the first day of the class period is being used as a proxy for the number of Assistant Store Managers on any given day. This is a conservative estimate for various reasons, including because the actual class size is, as noted above, significantly larger than the number of Assistant Managers on any given day.

21. Expressed mathematically, the calculation looks like this:

$$\$31.35 \times 1 \text{ hr.} \times 144 \text{ weeks} \times 1{,}400 \text{ persons} \qquad = \mathbf{\$6{,}320{,}160}$$

22. Accordingly, the amount in controversy on Plaintiff's Second Cause of Action alone exceeds $5 million.

23. A similar calculation can be performed with respect to Plaintiff's Third Cause of Action which seeks claims for liquidated damages pursuant to California Labor Code ¶ 226(d) for the alleged failure to provide accurate itemized wage statements. Assuming the maximum liquidated damages penalty of $4,000 per Assistant Store Manager in the California Labor Subclass as pled in Plaintiff's FAC, and multiplying that penalty by 1,400 – which, as noted above is the approximate number of Assistant Store Managers who worked at a Walmart retail store or supercenter in California on January 29, 2012 – equals $5,600,000. This estimate is conservative, because, as noted above, the putative class is larger than 1,400 persons.

24. Although not calculated here, Plaintiff also seeks relief under additional theories, including for alleged missed meal periods, alleged missed rest breaks, waiting time penalties for terminated associates and under PAGA, as well as for interest, attorneys' fees and costs, all of which add to the amount in controversy. (*Id.* ¶ Prayer for Relief 4(C).) By way of example only, claims for attorneys' fees are included in the amount in controversy calculation for purposes of removal. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Although Defendant denies that Plaintiff is entitled to attorneys' fees, the Ninth Circuit uses a benchmark rate of 25 percent of damages in reviewing requests for attorneys' fees. *Paul, Johnson, Alston &Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989); *Inhj re: Quintus Sec. Litig.,* 148 F.Supp. 2d 967, 973 (N.D. Cal. 2001). Using the calculations above, the attorneys' fees for the Second Cause of Action alone would be $1,580,050 (twenty-five percent of $6,320,160).

25. Accordingly, the amount-in-controversy requirement is satisfied.

# CONCLUSION

26. For all the reasons noted above, the jurisdictional requirements for CAFA removal are satisfied.  Defendant has also satisfied the remaining procedural requirements for removal as follows.

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Alameda.

28. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel.

29. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on Defendant are hereto, as Exhibits A & B.

30. By filing this Notice of Removal, Defendant does not waive any jurisdictional objection or other defenses available to it under the law.

31. Defendant does not concede in any way that the allegations in Plaintiff's FAC are accurate, or that Plaintiff is entitled to compensatory or statutory damages, penalties, attorneys' fees or any other relief, or that class treatment is appropriate for this case.

WHEREFORE, Defendant removes this action to this Court from the Superior Court of the State of California for the County of Alameda.

DATED:  April 9, 2015					Respectfully submitted,

							GREENBERG TRAURIG, LLP


							 _/s/ Koray J. Bulut_____
							Attorneys for Defendant
							Wal-Mart Associates, Inc.

DEN 98788313v1