1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3   Piya Mukherjee (State Bar #274217)
    Victoria B. Rivapalacio (State Bar #275115)
4  2255 Calle Clara
   La Jolla, CA 92037
5  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
6
7  Attorneys for Plaintiff

8  **GREENBERG TRAURIG, LLP**
    Robert J. Herrington (SBN 234417)
9   Matthew R. Gershman (SBN 253031)
   1840 Century Park East, Ste. 1900
10 Los Angeles, CA 90067
   Telephone: (310) 586-7700
11 Facsimile: (310) 586-7800

12 Attorneys for Defendant Wal-Mart Associates, Inc.

## UNITED STATES DISTRICT COURT

13

## NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| BONNIE CARDOZA, an individual, on behalf of herself and on behalf of all persons similarly situated, | CASE No. **4:15-cv-01634-SBA (SK)** |
| | **(CLASS ACTION)** |
| Plaintiff, | **DISCOVERY DISPUTE JOINT REPORT - INITIAL DISCLOSURES** |
| v. | Date Filed:              January 29, 2015 |
| WAL-MART ASSOCIATES, INC., a corporation; and DOES 1-50, inclusive, | Fact Discovery Cut:   November 11, 2016 |
| | Trial Date:              June 19, 2017 |
| Defendants. | Magistrate Judge: Hon. Sallie Kim |

## ATTESTATION OF THE PARTIES

        The Parties have met and conferred in person and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct.


 _/s/Victoria B. Rivapalacio_
Victoria B. Rivapalacio, Counsel for Plaintiff


 _/s/Robert J. Herrington_
Robert J. Herrington, Counsel for Defendant

# I.     DESCRIPTION OF DISPUTE AND RELEVANT FACTS

### A.     Plaintiff's Section

Plaintiff has been deputized as the representative of the State of California in order to pursue the Labor and Workforce and Development Agency's ("LWDA") claim for civil penalties from Defendant for violations of the California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2699, *et seq.* with respect to Plaintiff and other "aggrieved employees" who were misclassified as exempt Assistant Managers and were denied overtime wages. This cause of action was pled in the First Amended Complaint, filed on or around March 26, 2016 and, as of April 8, 2016, Plaintiff has pursued this action solely in this representative capacity. Doc. No. 37.

On August 5, 2016, Plaintiff requested that Defendant supplement its initial disclosures with the names of all witnesses it intends to call at trial so Plaintiff may timely pursue any necessary depositions. The Parties met and conferred telephonically on August 15, 2016 and Defendant agreed to supplement its initial disclosures after the provision of the contact information of the Aggrieved Employees, which it will presumably produce on September 1, 2016. However, as the discovery cut-off is November 11, 2016, there is no time for delay.

Defendant proposed supplementing its initial disclosures on September 15, 2016. Hypothetically, even if Defendant provided the names of its witnesses that day and Plaintiff noticed their depositions the same day, Plaintiff would be forced to conduct dozens, or potentially hundreds, of depositions within the span of two weeks. If any party were to fail to appear, a motion to compel would follow, and its filing could, per Defendant's proposal, take place no earlier than October. However, Plaintiff must allot sufficient time for the noticing of such a motion, its hearing, an order issued by the Court, and time enough for compliance, all before November 11, 2016. Defendant's timeline serves to prejudice Plaintiff by preventing the full and complete disclosure of evidence before the discovery cut-off date. Accordingly, the Parties met and conferred in person on August 18, 2016, but were unable to agree to an appropriate timeline regarding Defendant's initial disclosures and the subsequent depositions, necessitating this letter.

Currently, Defendant has not identified its witnesses who would be called to support any affirmative defenses Defendant may have to classifying Assistant Managers as exempt employees

1   and denying them overtime for the grueling ten hour days worked in Wal-Mart retail stores.

2   (Defendant's Initial Disclosures, <u>Exhibit 1</u> to Declaration of Victoria B. Rivapalacio.) With over

3   3,000 Aggrieved Employees at issue, Defendant cannot at this late date identify witnesses to

4   support any affirmative defenses beyond those already disclosed. Plaintiff no longer has sufficient

5   opportunity to depose such witnesses and there is no excuse for Defendant to have failed to make

6   these disclosures earlier. Justice cannot be served by Defendant now suddenly disclosing

7   potentially hundreds of witnesses mere weeks before the discovery cut-off with no opportunity

8   to depose them. That should have been done, at the latest, four months ago when Plaintiff

9   provided Defendant notice that this case would proceed to trial as a PAGA case. Because

10  Defendant failed to make the disclosures, Defendant should be precluded from presenting any

11  currently undisclosed witnesses or evidence at trial.

12       Accordingly, Plaintiff respectfully requests that this Court issue an order precluding

13  Defendant from presenting witnesses or evidence not disclosed in discovery or, alternatively,

14  compelling Defendant to supplement its initial disclosures and to produce any named witnesses

15  for immediate deposition to ensure Plaintiff isn't further prejudiced by Defendant's delay.

16       **B.    Defendant's Section**

17       Plaintiff is creating a discovery dispute where none exists.  On August 15, 2016, counsel

18  meet and conferred regarding Plaintiff's request that Walmart supplement its witness disclosures.

19  Immediately after that conference, Plaintiffs' counsel, Victoria Rivapalacio, sent the following

20  confirming email, requesting supplementation by September 15:

21       Rob,

22       I write to confirm we spoke today. Defendant agreed to supplement its initial disclosures
         subsequent to its provision of the identification of the Aggrieved Employees, to be
23       provided to Plaintiff by September 1, 2016. Therefore, please supplement the initial
         disclosures by September 15, 2016 to allow Plaintiff enough time to conduct the necessary
24       depositions prior to the discovery cut-off date.[1]

25  Although Walmart disagrees with the suggestion that it is somehow Walmart's burden to identify

26  "Aggrieved Employees," Walmart has separately agreed to provide certain information on or

27  _____

28       [1]The Court's Standing Order states that only copies of discovery responses are to be
         submitted. Walmart will provide a copy of Ms. Rivapalacio's email upon request.

1   before September 1 and also agreed to serve supplemental Rule 26(a)(1) disclosures on or before

2   September 15.  For reasons unknown, Plaintiff has now reneged, contending that September 15

3   somehow is not good enough and that Walmart should be precluded from calling any witness not

4   yet "disclosed in discovery," even though more than two months of discovery remain.

5          To make matters worse, Plaintiff's section of this Joint Letter presents a materially

6   misleading picture of the parties' discussions, as well as the state of discovery in this Action:

7          **First**, Plaintiff falsely asserts that "Defendant proposed supplementing its initial

8   disclosures on September 15, 2016."  As shown in the email quoted above, the September 15

9   proposal came from Plaintiff's counsel, *not Walmart*, and she proposed this date "to allow

10  Plaintiff enough time to conduct the necessary depositions prior to the discovery cut-off date."

11  Discovery does not close until November 11, 2016 and trial is not until June 19, 2017, leaving

12  plenty of time to conduct whatever discovery Plaintiff may wish.  Walmart also informed Plaintiff

13  that it is willing to extend discovery deadlines should she need more time to conduct some

14  as-yet-unidentified discovery.

15         **Second**, Plaintiff asserts that "Defendant has not identified its witnesses who would be

16  called to support any affirmative defenses Defendant may have to classifying Assistant Managers

17  as exempt employees," which is false.  Walmart's disclosures identify Plaintiff, as well as

18  Plaintiff's supervisors, Michael Lancaster and Jenna Wainaina, as witnesses who may have

19  information regarding Walmart's defenses, including Plaintiff's status as an exempt employee.

20  Plaintiff has never sought to depose Mr. Lancaster or Ms. Wainaina.  Walmart also produced a

21  Rule 30(b)(6) witness, Todd Stokes, who identified additional knowledgeable witnesses and

22  testified regarding Walmart's defenses, including how Assistant Managers spend most of their

23  time exercising independent judgment and discretion and are therefore properly categorized as

24  exempt.  Walmart's discovery responses identify more than 16 additional persons who may have

25  information supporting Walmart's defenses.  Plaintiff never sought to depose these individuals.

26         In addition, Walmart's initial disclosures and discovery responses state that, depending on

27  Plaintiff's proposed trial plan-which she still has not submitted to the Court-putative class

28  members may have information that Walmart may use to support its defenses.  At Plaintiff's

1   request, Walmart provided the names and contact information for all putative class members (who

2   did not opt-out after a *Bel-Aire* process).  Plaintiff's counsel has had this information since

3   February 2016, and Walmart is aware that Plaintiffs' counsel has contacted many, if not all, of the

4   putative class members.  Plaintiff, however, has never sought to depose any of these individuals.

5       **Third**, Plaintiff fails to clearly explain the status of this case or how that status relates to

6   her recent request for supplemental initial disclosures.  Plaintiff filed this case as a putative class

7   action, and her discovery responses reference "putative class members" and class certification-not

8   PAGA or "aggrieved employees."  The deadline to file a motion for class certification was April

9   8, 2016. But instead of seeking certification, Plaintiff abandoned her class allegations, indicating

10  that she instead intended to proceed with a "PAGA representative action." [Doc. No. 37].  Since

11  that time, Plaintiff has not supplemented her discovery responses or initial disclosures to identify

12  any "aggrieved employee" or explain how she will try this case on a "representative basis."

13  Just recently, Plaintiff informally disclosed to Walmart that, despite having abandoned her class

14  allegations, she is nevertheless contending that all Assistant Managers who worked at a California

15  Walmart store at any time within the PAGA statute of limitations period - more than 3,000 people

16  - somehow are "aggrieved employees."  Walmart strongly disagrees with Plaintiff's proposed

17  definition of "aggrieved employees" and will be moving to dismiss Plaintiff's representative

18  PAGA claims or require her to submit a trial plan shortly.  Nevertheless, as part of discovery,

19  Walmart has agreed to provide dates of employment for those putative class members who were

20  on the list provided in February 2016 and who worked as an Assistant Store Manager during the

21  PAGA limitations period.  The parties have agreed that Walmart will provide this supplemental

22  list by September 1, 2016, and this is the list referred to in the email quoted above.  Walmart also

23  agreed to provide supplemental Rule 26(a)(1) disclosures by September 15, 2016.  Plaintiff has

24  plenty of time to conduct any depositions she now desires to conduct.

25  **II.   PLAINTIFF'S POSITION**

26      Under Fed.R.Civ.P. 26(a), each party must provide within fourteen (14) days of the Rule

27  26(f) conference "the name and, if known, the address and telephone number of each individual

28  likely to have discoverable information—along with the subjects of that information—that the

disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." As the Rule 26(f) conference of counsel took place on May 7, 2015, more than 450 days have since passed and Defendant still has not made its disclosures as to what witnesses it believes has discoverable information. Either Defendant must disclose this information or it must be precluded from using at trial the testimony of any undisclosed witnesses.

The Rules further govern the supplementation of the initial disclosures as follows:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—**must supplement or correct its disclosure or response**: (A) **in a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) **as ordered by the court**.

Fed. R. Civ. P. 26(e) (emphasis added). Defendant has not supplemented its initial disclosures in the over 450 days since they were first due or the over 380 days since they were first provided.

### A. Plaintiff is Entitled to the Exclusion of Undisclosed Witnesses

The purpose of the disclosure of witnesses and evidence is to allow parties to properly prepare for trial, to avoid undue prejudice through surprise and the inability to cure the surprise. *See Medlock v. Host Int'l, Inc.*, No. 1:12-cv-02024 - JLT, 2013 U.S. Dist. LEXIS 72740, at *15 (E.D. Cal. May 21, 2013) ("To determine whether the introduction of evidence should be precluded pursuant to Rule 37, the Court considers: "(1) the **surprise** to the party against whom the evidence would be offered; (2) the ability of that party to **cure the surprise**; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence.").

Here, as Defendant has within its sole custody and control the names and contact information for all potential witnesses, its withholding of these names and corresponding contact information as to witnesses who may be called to support affirmative defenses as to Aggrieved Employees would constitute unfair surprise. The delay by Defendant to supplement its initial disclosures with the names of these witnesses prevents Plaintiff from any means of curing the surprise through sufficient follow-up discovery and depositions.

1  Plaintiff has requested that Defendant supplement its initial disclosures as Plaintiff
2  anticipates that Defendant intends to call at trial a number of the supervisors and/or managers of
3  the aggrieved employees, but without their identification, Plaintiff can't know which supervisors
4  or managers, nor can she know which aggrieved employees will be the subject of the testimony.
5  Each of the witnesses must be deposed and Defendant can't argue that forcing Plaintiff to attempt
6  to conduct potentially hundreds of depositions at this late hour is not unfairly prejudicial.

7  The discovery cut-off in this case is November 11, 2016, at which time all discovery must
8  be produced, all depositions taken, all motions regarding discovery disputes heard, and any
9  discovery orders issued must be complied with. Defendant's proposed delay regarding the
10  supplementation of its initial disclosures serves only to prejudice Plaintiff by inhibiting the
11  necessary follow-up depositions and preventing the enforcement of any necessary motions to
12  compel. Accordingly, Plaintiff now requests that this Court confine the prejudicial effect of
13  Defendant's delay tactics by precluding it from presenting currently undisclosed witnesses at trial.

14  **B.    Defendant Does Not Have Substantial Justification For Failure to Disclose**

15  Defendant does not have substantial justification for its failure to disclose the identity of
16  the witnesses it intends to call at trial. If it fails to supplement its initial disclosures, or if it delays
17  beyond the Order of this Court, any witnesses not previously identified should be excluded under
18  Rules 26(e)(1)(A) and 37(c)(1). "A party that without substantial justification fails to disclose
19  information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as
20  required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at
21  a trial, at a hearing or on a motion any witness or information not so disclosed." Fed. R. Civ. Proc.
22  37(c)(1); *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001);
23  *see also Ollier v. Sweetwater Union High School Dist.*, No. 07cv714-L, 2010 WL 4932173, 1
24  (S.D. Cal. November 30, 2010) (excluding evidence relating to an affirmative defense that was
25  not disclosed evidence despite being responsive to an interrogatory in sex discrimination case).

26  Any delay by Defendant in supplementing these initial disclosures is not justified as
27  Defendant has been aware of the employees at issue in this action since its inception on January
28  29, 2015, and has known of Plaintiff's PAGA cause of action since the filing of the First

1  Amended Complaint on March 26, 2015. Defendant should not be permitted to misuse these

2  deadlines to prevent Plaintiff from gathering the evidence the Court will require at trial.

3      **C.    Conclusion**

4      For the foregoing reasons, Plaintiff respectfully requests that this Court issue an order (1)

5  precluding the use of any testimony of witnesses or the use of evidence not currently disclosed;

6  or, alternatively; (2) setting a date certain for Defendant to supplement its initial disclosures,

7  setting all dates for the corresponding depositions.

8  **III.   DEFENDANT'S POSITION**

9      **A.    Proposed Resolution**

10     Walmart's position is that there is no discovery dispute and the parties should be left to the

11 agreement already reached.  As noted, the parties separately agreed that, by September 1, Walmart

12 will provide dates of employment for Assistant Store Managers on the putative class list who

13 worked during the PAGA limitations period.  Walmart will also supplement its Rule 26(a)(1)

14 disclosures by September 15, as requested by Plaintiff's counsel.  Plaintiff has plenty of time

15 conduct necessary discovery before the trial, set for June 2017.

16     **B.    Walmart's supplemental disclosures on September 15 will be timely.**

17     As shown, Walmart already has identified numerous witnesses who may have information

18 that supports the company's defenses in this action, including several members of management

19 and all of the members of the now-abandoned putative class.  Under Rule 26(e), Walmart is

20 obligated to supplement its disclosures (as is Plaintiff) "in a timely manner *if* the party learns that

21 in some material respect the disclosure or response is incomplete or incorrect, *and if* the

22 additional or corrective information has not otherwise been made known to the other parties

23 during the discovery process or in writing."  Fed. R. Civ. Proc. 26(e) (emphasis added); *see also*

24 *Aspect Sys. v. Lam Research Corp.*, 404 F. App'x 136, 139 (9th Cir. 2010) (disclosures in

25 mediation statement sufficient under Rule 26(a)(1).)  Although she still has not provided any

26 names, Plaintiff just recently informed Walmart in general terms of who she now contends are

27 the "aggrieved employees."  And even though Walmart already identified dozens of witnesses in

28

1  discovery, and provided the names of the members for the now-abandoned putative class,

2  Walmart also agreed to Plaintiff's demand to serve supplemental disclosures by September 15.

3  That supplement will be timely, and Plaintiff has no grounds to exclude any witness.

4      **C.      The request that Walmart identify "trial witnesses" is premature and baseless.**

5          Although Plaintiff cites Rule 26(a)(1), her portion of the joint statement asks the Court to

6  compel Walmart to identify "trial witnesses."  That request is unsupported and unsupportable in

7  that Rule 26(a)(1) says nothing about trial witnesses, which are normally disclosed under Rule

8  26(a)(3) shortly before trial as part of the final pre-trial statement and disclosures.

9      **D.      Plaintiff's own conduct undercuts her claim of "prejudice."**

10         Throughout her portion of this Joint Letter, Plaintiff asserts, in conclusory fashion, that she

11  will somehow be prejudiced by Walmart's supplementation on September 15.  These assertions

12  fall flat in light of Plaintiff's own conduct.  As an initial matter, Plaintiff is the one who proposed

13  supplementation by September 15, and she offers no explanation as to why she suddenly thinks

14  that date is inadequate.  Furthermore, Walmart has disclosed dozens of witnesses during the

15  course of discovery in this case, and Plaintiff has taken only one deposition - that of Walmart's

16  30(b)(6) representative.  Her new-found desire to start taking depositions is inconsistent with her

17  conduct throughout this litigation, and she offers no explanation as to why has not sought to

18  depose any of the witnesses already disclosed, save one.  Regardless, Plaintiff still has plenty of

19  time to conduct any necessary and appropriate discovery after September 15.

20      **E.      Any discovery order should be reciprocal.**

21         As shown, Walmart already agreed to supplemental its Rule 26(a)(1) disclosures on the

22  timetable proposed by Plaintiff.  The parties have reached a reasonable compromise on this issue,

23  and there is no need for Court intervention.  But to the extent any order results from this filing,

24  Walmart respectfully submits that it be reciprocal, requiring Plaintiff to supplement her

25  disclosures on the same terms as Walmart.[2]

26

27  _____

28     [2] Plaintiff's Initial Disclosures do not identify any witness by name, other than herself.
They are attached as **Exhibit 2.**

1

2

3   DATED:  August 24, 2016

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

GREENBERG TRAURIG, LLP

 */s/Robert J. Herrington*
Robert J. Herrington, Counsel for Defendant

BULMENTHAL, NORDREHAUG & BHOWMIK

 */s/Victoria B. Rivapalacio*
Victoria B. Rivapalacio, Counsel for Plaintiff