**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Ruchira Piya Mukherjee (State Bar #274217)
  Victoria B. Rivapalacio (State Bar #275115)
2255 Calle Clara
La Jolla, CA 92037
Tel: 858-551-1223; Fax: 858-557-1232

Attorneys for Plaintiff

**GREENBERG TRAURIG, LLP**
  Robert J. Herrington (SBN 234417)
  Matthew R. Gershman (SBN 253031)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant Wal-Mart Associates, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE CARDOZA, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff;<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **4:15-cv-01634-SBA (SK)**<br><br>**(CLASS ACTION)**<br><br>**EXHIBIT 1 TO DISCOVERY DISPUTE JOINT REPORT**<br><br>Date Filed: January 29, 2015<br>Fact Discovery Cut: November 11, 2016<br>Trial Date: June 19, 2017<br><br>Magistrate Judge: Hon. Sallie Kim |

# EXHIBIT 1

Case 4:15-cv-01634-SBA   Document 48   Filed 08/25/16   Page 2 of 9

KORAY J. BULUT (SBN 230298)
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111-
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
Email: bulutk@gtlaw.com

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BONNIE CARDOZA, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a corporation; and DOES 1-50, inclusive,<br>　　　　　　Defendants. | Case No. 4:15-cv-01634-SBA<br><br>**CLASS ACTION**<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(1)**<br><br>First Amended<br>Complaint filed: March 26, 2015<br>Action removed: April 9, 2015<br>Trial Date: None set |

DEFENDANT WAL-MART ASSOCIATES, INC.S' INITIAL DISCLOSURES
DEN 98859342v1

1   Pursuant to Federal Rules of Civil Procedure, Rule 26(a)(1), and subject to such
2   supplementation and/or amendment as may be necessary and required in light of subsequent
3   information and/or discovery, Defendant Wal-Mart Associates, Inc., ("Defendant") makes the
4   following initial disclosures.[1] Defendant has not fully completed its investigation of the facts
5   relating to this case. Defendant bases the following disclosures only upon information and
6   documents that are presently available to, and specifically known to, Defendant.
7   Defendant anticipates that further discovery, independent investigation, legal research, and
8   analysis will supply additional facts, add meaning to known facts, and could lead to new factual
9   conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and
10  variations from the contentions set forth by Defendant below.
11  Defendant provides the following disclosures without prejudice to its right to produce
12  evidence of any subsequently discovered fact, or facts that it may later learn. Defendant reserves
13  the right to change any and all of the disclosures below as additional facts are ascertained, analyses
14  are made, legal research is completed, and contentions are made.

## I.   Individuals Likely To Have Discoverable Information

16  Defendant reserves the right to modify or supplement this list as circumstances may warrant,
17  and as otherwise permitted by the Court. Defendant also reserves the right to call as a witness any
18  individual identified by Plaintiff in his Complaint, Initial Disclosures or any subsequent
19  amendment(s) thereto; and all persons identified during the course of discovery, including all
20  persons identified during any deposition in these matters. Pursuant to Rule 26(a)(1)(A), upon
21  information and belief, the following individuals may have discoverable information that Defendant
22  may use to support its claims and defenses in this matter.

23   1.   Plaintiff Bonnie Cardoza, address known to Plaintiff.
24   2.   Michael Lancaster, c/o Koray J. Bulut, Four Embarcadero Center, Suite 3000, San

---

[1] Defendant Wal-Mart Associates, Inc. is the pay rolling entity which pays the wages to associates who work at Wal-Mart affiliated entities, including the Assistant Store Managers who work at Walmart retail stores, supercenters and neighborhood markets in the State of California. Defendant's Rule 26 initial disclosures are limited to information and documents related to the Assistant Store Manager position at Walmart in California.

1   Francisco, CA 94111, Phone: (415) 655-1300. Mr. Lancaster was the Store Manager at Walmart
2   Store 2524, and may have discoverable information about the individual allegations of Plaintiff
3   Cardoza, including the duties and responsibilities of Assistant Store Manager personnel at Walmart
4   Store 2524; the interviewing, hiring, training, discipline, and termination process for Assistant
5   Store Manager personnel at Walmart Store 2524; Plaintiff Cardoza's work performance, job duties
6   and responsibilities; and Plaintiff Cardoza's termination from the company.

7          3.      Jenna D. Wainaina, c/o Koray J. Bulut, Four Embarcadero Center, Suite 3000, San
8   Francisco, CA 94111, Phone: (415) 655-130.  Jenna Wainaina is a Market Manager, Market # 451,
9   and was Plaintiff's supervisor during the time in which she worked as an Assistant Store Manager
10  at Store 2524. She may have discoverable information about the individual allegations of Plaintiff
11  Cardoza, including the duties and responsibilities of Assistant Store Manager personnel at Walmart
12  stores in the market; the interviewing, hiring, training, discipline, and termination process for
13  Assistant Store Manager personnel at Walmart stores in the market; Plaintiff Cardoza's work
14  performance, job duties and responsibilities; and Plaintiff Cardoza's termination from the company.

15         4.      While the above-listed individuals are most knowledgeable concerning Plaintiff's
16  job duties, responsibilities and work hours, there are many other Store Managers, co-managers,
17  Assistant Store Managers and other Walmart associates who are familiar with the job duties,
18  responsibilities and work hours of Walmart Assistant Store Manager personnel in the state of
19  California and who therefore may ultimately be a source of information supporting Defendant's
20  claims and defenses in this case.

21         5.      Any and all witnesses identified by any other party in an initial or supplemental
22  disclosure or identified through the course of discovery.

23         6.      Any and all witnesses identified in any Answer to an Interrogatory.

24         7.      Any and all witnesses identified in any document produced in response to any
25  Request for Production.

2
DEFENDANT WAL-MART ASSOCIATES, INC.S' INITIAL DISCLOSURES
DEN 98859342v1

II. **Categories of Documents**

Defendant reserve the right to use all documents identified by Plaintiff in her Initial Disclosures or any amendments thereto; and all documents produced during the course of discovery in these matters, including any depositions taken in these matters. Based upon the information currently available, Defendant believes that the following categories of documents, electronically stored information, and tangible things in the possession, custody or control of Defendant that may be relevant to the claims or defenses or the parties, but reserves the right to supplement these disclosures without waiver of any defense or evidentiary proof. These documents are available for inspection and/or copying upon request.

1. Documents relating to Plaintiff Cardoza's employment at Wal-Mart as an Assistant Store Manager, including, but not limited to, personnel file, payroll data, earning history, work schedule, hiring, training, disciplinary history and termination; Plaintiff Cardoza's work schedules; Plaintiff Cardoza's duties and responsibilities; and documents relating to Plaintiff Cardoza's tenure, performance, and coachings when she worked at Walmart store 2524.

2. Documents relating to the work duties, responsibilities and authority granted to or exercised by Assistant Store Managers ("ASMs") who worked at Walmart retail stores, supercenters and neighborhood markets within the State of California during the putative class period.

3. Documents relating to the policies and procedures used by or provided to ASMs who worked at Walmart retail stores, supercenters and neighborhood markets in the State of California during the putative class period.

4. Documents relating to the interviewing, hiring and training of ASMs who worked at Walmart retail stores, supercenters and neighborhood markets in the State of California during the putative class period.

5. Documents relating to the manner in which the performance of ASMs who worked at Walmart retail stores, supercenters and neighborhood markets in the State of California during the putative class period is evaluated.

      6.     Any and all documents identified by any party in an initial or supplemental disclosure;

      7.     Any and all documents identified in any Answer to an Interrogatory; and

      8.     Any and all documents produced in response to any Request for Production.

## III. **Computation of Damages**

At this time, Defendant has no counterclaim for damages in this action and thus no computation or evidentiary materials to produce. Defendant further denies any liability as alleged in Plaintiff's Complaint and, as such, Plaintiff is entitled to no monetary damages in this case. Defendant reserves the right to supplement and/or amend this disclosure.

## IV. **Insurance Agreements**

At this time, Defendant does not believe that any applicable insurance policies would cover the claims asserted against it by Plaintiff. Defendant reserves the right to supplement and correct these initial disclosures to include information later acquired as discovery and fact investigation progresses.

DATED: August 3, 2015          GREENBERG TRAURIG, LLP

By: /s/ Koray J. Bulut
Koray J. Bulut
Attorneys for Defendant
Wal-Mart Associates, Inc.

# PROOF OF SERVICE

- I am employed in the county of San Francisco, State of California; I am over the age of 18 years and not a party to the within action; my business address is **Four Embarcadero Center, Suite 3000, San Francisco, CA 94111.**

On the date given below, I served the below listed document(s):

**DEFENDANT WAL-MART ASSOCIATES, INC.'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 26(a)(1)**

on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

> Norman B. Blumenthal
> Kyle R. Nordrehaug
> Aparajit Bhowmik
> Piya Mukherjee
> BLUMENTHAL, NORDREHAUG & Ghowmik
> 2255 Calle Clara
> La Jolla, CA  92037
> Telephone:  (858) 551-1223
> norm@bamlawlj.com
> kyle@bamlawlj.com
> aj@bamlawlj.com
> piya@bamlawca.com

> Attorneys for Plaintiff
> BONNIE CARDOZA

☒ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at San Francisco, California, in the ordinary course of such business.

☒ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices listed above.

1
PROOF OF SERVICE

DEN 98859342v1

1   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on **August 3, 2015** at San Francisco, **California**

_____
J. Tasista

2
PROOF OF SERVICE
DEN 98859342v1